# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**SHERON EDWARDS**                                              **PETITIONER**

**v.**                            **No. 1:99CR48-B**

**UNITED STATES OF AMERICA**                        **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the June 2, 2003, *pro se* petition of Sheron Edwards for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government has responded to the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

## Facts and Procedural Posture

On March 15, 1999, Sheron Edwards carjacked Kenneth Burns' vehicle, a 1993 Chevrolet Suburban, from him at gunpoint. During the armed robbery Edwards ordered Burns to his knees. Edwards then hit Burns in the back of the head with a pistol, knocking him to the ground. Edwards shot at Kenneth Burns but missed. When the firearm discharged, it ejected a .380 caliber shell casing onto the ground. The injury on the back of Burns' head left him temporarily numb from the neck down, and he lay on the ground pretending to be dead while bleeding from his nose and mouth. Edwards removed Burns' wallet as Burns lay helpless and bleeding and the ground; then Edwards drove away in the stolen Suburban. *United States v. Edwards*, 231 F.3d 933, 934 (5th Cir. 2001), *reh'g denied*, 250 F.3d 745 (2002) (table), *cert. denied*, 535 U.S. 1107 (2002). After Sheron Edwards pulled away, Burns staggered to his feet and walked to a neighbor's house for help. His neighbor called 911, and a police officer arrived

on the scene within three minutes. Meanwhile, a little over a mile away, Sheron Edwards drove the stolen Suburban into a telephone pole. Those who witnessed the accident saw only Sheron Edwards in the Suburban. The police officer interviewing the victim Kenneth Burns heard about the accident with the Suburban over the radio and took Burns to the scene to see if he could identify his attacker. Burns immediately – and without prompting from the officer – identified Sheron Edwards as his attacker. Edwards had the stolen Suburban keys in his jacket pocket, and a few minutes later he dropped victim's wallet in the back of the patrol car in which Edwards was detained. The investigating officers found a .380 caliber semiautomatic handgun under the wrecked Suburban. Several days later, Kenneth Burns again identified Sheron Edwards as his attacker in a photographic lineup.

A Federal warrant issued for Edwards' arrest on May 13, 1999, and he was arrested that day. He was detained after a Federal detention hearing. A United States Magistrate Judge found that the government established probable cause to bind Edwards over for grand jury action after a preliminary examination held May 19, 1999. (See Criminal Docket for case #: 99-M-2019 and 99-CR-48). On July 2, 1999, a Federal grand jury indicted Edwards in a two-count Indictment charging him with carjacking and use of a firearm in furtherance of carjacking. On August 30, 1999, Edwards was tried by jury, which found Edwards guilty on both counts on August 31, 1999. After trial Edwards filed a Motion for Judgment of acquittal. The District Court denied the motion.

At sentencing the District Court overruled Edwards' objection to the presentence report's sentencing guideline calculations and granted the government's motion for upward departure. The District Court sentenced Edwards to two consecutive ten-year terms of imprisonment, with

five-year terms of supervised release, $5,850.64 restitution and $200 in special assessments. (See Criminal Docket for cause no. 1:99CR48-B).

On December 7, 1999, Edwards filed a notice of appeal. The Court of Appeals affirmed Edwards' convictions October 26, 2000. *United States v. Edwards*, 231 F.3d 933 (5th Cir. 2000). The Court refused rehearing *en banc* February 22, 2001. *United States v. Edwards*, 250 F.3d 745 (2001) (table). Edwards petitioned for *certiorari* review by the United States Supreme Court, which denied the petition May 28, 2002. *Edwards v. United States*, 535 U.S. 1107 (2002). On May 26, 2003, Sheron Edwards filed the instant motion to vacate his conviction and sentence. Edwards later added a claim under *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738, (2005).

**Discussion**

The petitioner sets forth two grounds for *habeas corpus* relief in the instant petition involving ineffective assistance of counsel: (1) counsel was ineffective for failing to call several witnesses whose testimony would give the petitioner an alibi, and (2) failure to call the government's expert witness, Dr. T. N. Braddock, to testify regarding the extent of the victim's injuries. He later added a challenge to his sentence under the holding of *United States v Booker*, 125 S.Ct 738 (2005). None of these grounds has merit.

"To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (1997); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court presumes that the attorney's challenged actions are reasonable; "that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court must not analyze the actions of the attorney with the crystal clarity of hindsight; rather the court must view those decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." 172 F.3d at 275 (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)). The petitioner in this case has not met either prong of the *Strickland* test for either of his ineffective assistance claims.

### Alibi Witnesses

Sheron Edwards has tried to establish an alibi in this case. He states that he and his family gathered at his mother's house on the night in question to watch the boxing match between heavyweights Mike Tyson and Evander Holyfield. He was disappointed in the decision and believed that the fight had been rigged and Mike Tyson should have won. He states that after the fight, he went outside his mother's house to ride around with a Mississippi State University student he knew only as "B.J.," who picked him up in a 1993 Chevrolet Suburban. A few minutes later, Edwards claims that "B.J." wrecked the Suburban into a telephone pole, then jumped out of the Suburban and fled the scene.

The petitioner argues that counsel was ineffective in failing to call the following witnesses to establish an alibi: (1) Mrs. Willene Edwards, the petitioner's mother, (2) Ms. Tawanda Edwards, the petitioner's sister, and (3) Mr. Lashun Smith, the petitioner's friend. The petitioner states that his mother would testify that he was at her house as late as 12:55 a.m. on the date of the carjacking; his sister Tawanda would testify that he was at the house as late as 1:00

a.m. that day. Lashun Smith, the petitioner's friend, would testify that he heard a tape recording of witnesses Cleveland and Terry Carlisle in which they state that Sheron Edwards was not the driver of the stolen Chevrolet Suburban. Edwards has not, however, produced the tape recording or indicated where it may be found, and Cleveland Carlisle testified at the petitioner's trial that he did not see the accident occur.

The proposed alibi testimony of the petitioner's friends and relatives must be weighed against the following evidence, which was introduced at trial:

(1)     The victim identified Sheron Edwards as his attacker ten minutes after the attack,

(2)     Sheron Edwards was found in the stolen Chevrolet Suburban within minutes of the attack,

(3)     Vincent Forside, the Carlisles' neighbor, witnessed the accident and identified Sheron Edwards as the driver and only occupant of the stolen Suburban.

(4)     Sheron Edwards had the stolen Suburban keys on his person when the police picked him up minutes after the carjacking,

(5)     The police found the victim's wallet on the floor in the back of the patrol car where Sheron Edwards was being detained at the scene of the accident, and Sheron Edwards was the only one who had been in the back seat of the car since it had last been cleaned, and

(6)     The police recovered a semiautomatic handgun from beneath the stolen Suburban (near where Edwards had been standing) – a .380 caliber – the same caliber as the handgun used during the carjacking.

Friends and relatives of a criminal defendant have a motive to fabricate an alibi for him, namely, their love and affection for him and their desire to ensure he is not incarcerated.

Mothers want to protect their children. Sisters want to protect brothers. Friends want to protect friends. This is human nature. Physical evidence is, however, inanimate and thus incapable of having motives. While one may infer various facts from the physical evidence; the evidence itself is useful only in its existence. Testimony of loved ones can be tainted by love. Physical evidence cannot. In this case, the physical evidence against Sheron Edwards is overwhelming.

The story that Sheron Edwards paints to establish is alibi is obviously that – a story.[1] While that story might explain Sheron Edwards' presence at the scene of the wrecked and stolen Suburban, it does not explain the victim's immediate and unequivocal identification of Edwards as the carjacker, Edwards' possession of the stolen keys to the Suburban, his possession of the victim's wallet, or Vincent Forside's testimony that Edwards drove the Suburban into the light pole.

During the second day of the federal trial it became obvious to Edwards that the evidence against him was powerful – and that he had no evidence with which to rebut it. Edwards announced to the court – two days into his trial – that he was displeased with the performance of appointed counsel and that he would like for the court to appoint him other counsel. Counsel for the defense advised the court that he would discuss Edwards' desire to put on these alibi witnesses and the potential pitfalls of that decision. Counsel decided that putting on the petitioner's alibi witnesses would not advance the defense in light of the physical evidence.

---

[1]Sheron Edwards presented that story to a state court jury using the same witnesses, and that jury did not believe it. Edwards was found guilty of robbery and assault arising out of the same incident. *Edwards v. Mississippi*, 838 So.2d 990 (Miss. App. 2002), *cert. denied*, 837 So.2d 771 (Miss. 2003). The Mississippi Court of Appeals affirmed the conviction, finding the evidence sufficient to sustain the conviction – and that the victim's identification testimony was sufficient, in itself, to sustain the conviction. *Edwards v. Mississippi*, 838 So.2d at 993.

Indeed, had the witnesses testified as Edwards had wished, they might have exposed themselves to criminal liability for perjury. The court refused the request for new counsel, but gave Edwards the opportunity to discharge defense counsel and proceed *pro se*. Edwards declined.

Counsel's decision not to call the petitioner's friends and relatives as alibi witnesses was a sound one. First, the timing of the events was close enough that the testimony of the witnesses might not have established an alibi at all; clocks in homes and cars can differ substantially if they are not synchronized frequently. Second, the testimony would not explain the petitioner's possession of the stolen Suburban keys or the victim's wallet. Further, Vincent Forside identified Edwards as the driver and lone occupant of the stolen Suburban. Finally, the victim identified Sheron Edwards as his attacker without hesitation or prompting. The alibi evidence could not help the petitioner's case and would in all likelihood have eroded the credibility of the petitioner and his counsel in the eyes of the jury – thus cementing the petitioner's guilt in their minds. Such a strategy would have hurt the petitioner's case.

In the face of the overwhelming evidence of the petitioner's guilt, counsel instead used a technical defense – arguing that the attack did not occur close enough to the vehicle to constitute the federal offense of carjacking. Had this defense been successful, counsel would have shielded his client from any exposure to federal criminal penalties. Unfortunately for the petitioner, the defense was unsuccessful, but reasonable minds could differ on the interpretation of the statute, and the Fifth Circuit devoted nearly its entire opinion to a discussion of that single issue. It appears that a technical defense was not only reasonable, but a sound defense under the circumstances. The court finds that counsel conducted a sound defense – one that the alibi testimony would have weakened. Therefore, the petitioner's claim of ineffective assistance of

counsel on this point must fail. The court has found that counsel performed effectively; as such, the court need not discussed whether the petitioner was prejudiced by that performance.

### The Testimony of Dr. T. N. Braddock

The petitioner argues that trial counsel was ineffective for failing to call Dr. T. N. Braddock to testify regarding the injury to the victim's head. The petitioner does not explain how Dr. Braddock's testimony would have helped his defense. The victim testified that Sheron Edwards hit him in the head so hard that his body felt numb immediately afterwards – and that the blow left a knot on the back of his head that remained after six months. Dr. Braddock testified – during the petitioner's state court trial on charges of armed robbery and assault – that the victim had a large lump, or hematoma, on the back of his skull and that the hematoma was caused by a blow to the head with a hard object. On cross-examination, Dr. Braddock testified that the hematoma, while not life-threatening, was a serious injury, particularly in combination with the other injuries the victim received as a result of the attack. Counsel's decision not to call Dr. Braddock as a witness did not prejudice Sheron Edwards. Given Dr. Braddock's unequivocal testimony during the state trial that the injuries were serious, the court finds that Braddock's testimony would not have aided the defense of Sheron Edwards in his federal trial. Thus, the decision not to call Braddock was a sound one and does not give rise to a claim of ineffective assistance of counsel.

### The Petitioner's Claims Under *Booker*

The petitioner argues that he was sentenced improperly because the length of his sentence was based in part on facts not determined by a jury or admitted during sentencing, but instead contained in his Pre-Sentence Investigation Report under the holding of *United States v Booker*,

125 S.Ct 738 (2005). The petitioner seeks a new sentence based upon the holding in *Booker*. For the reasons set forth below, the instant petition shall be denied. *Booker* applies only to those cases "pending on direct review or not yet final on January 12, 2005." *United States v. Madrigal*, 2005 WL 913476 (5th Cir.). The petitioner's case and appeal were final long before the January 12, 2005, cutoff date, as the court entered judgment November 30, 1999, and the Fifth Circuit affirmed the petitioner's conviction March 5, 2001. The United States Supreme Court denied *certiorari* May 28, 2002. As such, the instant case is not one to which *Booker* applies, and the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be dismissed with prejudice.

In sum, the petitioner's claims of ineffective assistance of counsel are without merit and shall be denied, as shall the petitioner's claim under *United States v Booker*, 125 S.Ct 738 (2005). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of September, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE